UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Jo Ann Keen,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:21-cv-1048 |
| | ) |
| **Ohio Valley Natural Gas Company,** | ) |
| **Ohio Valley Gas Inc, and** | ) |
| **Beynon Farm Products Corporation,** | ) |
| **and Scott Ingram** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jo Ann Keen (hereinafter "Keen"), by counsel, files this Complaint and Demand for Jury Trial against her former employers, Defendants Ohio Valley Gas Corporation (hereinafter "OVGC"), as applicable its sister company or subsidiary company Ohio Valley Gas Inc (hereinafter "OVGI"), and as applicable its parent company Beynon Farm Products Corporation (hereinafter "BFPC") under the Age Discrimination in Employment Act (hereinafter "ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act (hereinafter "ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, and the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq, as amended, and against Scott Ingram (hereinafter "Ingram") on the supplemental state claim of Intentional Infliction of Emotional Distress.

1

## I. PARTIES, VENUE, AND JURISDICTION

1. Keen is a citizen of the State of Ohio and resides in Union City, Darke County, Ohio.

2. Keen worked as an employee at OVGC [and (as their interests as employers may appear under the various statutory schemes identified above) OVGI and BFPC] from approximately October 10, 2008 to approximately January 3, 2020.

3. OVGC has as its principal place of business 111 Energy Park Drive, Winchester, Indiana 47394, is incorporated under the laws of the State of Indiana and conducts business in the Southern District of Indiana. Its resident agent is Ronald P. Salkie, 111 Energy Park Drive, Winchester, Indiana 47394.

4. OVGI has as its principal place of business 111 Energy Park Drive, Winchester, Indiana 47394, is incorporated under the laws of the State of Indiana and conducts business in the Southern District of Indiana. Its resident agent is Ronald P. Salkie, 111 Energy Park Drive, Winchester, Indiana 47394.

5. BFPC has as its principal place of business 640 South 10th Street, Lincoln, Nebraska 68508, is incorporated under the laws of the State of Nebraska and conducts business in the Southern District of Indiana. Its resident agent is Theodore Wright, 640 South 10th Street, Lincoln, Nebraska 68508.

6. Ingram is believed to be a citizen of Indiana whose work address is 111 Energy Park Drive, Winchester, Indiana 47394.

7. At all times relevant herein, Ingram was acting within the scope of his employment with OVGC and/or with OVGI and/or with BFPC if his employment extended to those entities also.

8. At all times relevant herein, OVGC, was an "employer" of Plaintiff, (either because of being the actual employer or due to common ownership with OVGI or BFPC), as defined under the Age Discrimination in Employment Act, 29 U.S.C. § 630(b), under the Americans with DisabilitiesAct, 42 U.S.C. § 12111, and under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2611.

9. At all times relevant herein, OVGI, was an "employer" of Plaintiff, (either because of being the actual employer or due to common ownership with OVGC or BFPC), as defined under the Age Discrimination in Employment Act, 29 U.S.C. § 630(b), under the Americans with Disabilities Act, 42 U.S.C. § 12111, and under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2611.

10. At all times relevant herein, BFPC, was an "employer" of Plaintiff (either because of being the actual employer or due to common ownership with OVGC or OVGI, as defined under the Age Discrimination in Employment Act, 29 U.S.C. § 630(b), under the Americans with DisabilitiesAct, 42 U.S.C. § 12111, and under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2611.

11. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. 1331, in that the claims arise under the laws of the United States, and particularly the ADEA, 29 U.S.C. 621 *et seq.*, as amended, the ADA, as amended, 42 U.S.C. § 12101 *et seq.*, and the FMLA, 29 U.S.C. § 2601 et seq, as amended.

12. This Court has supplemental jurisdiction over Plaintiff's claim of Intentional Infliction of Emotional Distress which arises under Indiana state law and arises out of the facts herein.

13. Venue in the Southern District of Indiana is proper pursuant to 28 U.S.C. 1391, in that the acts that gave rise to the causes of action occurred in the Southern District of Indiana.

14. Venue in the Southern District of Indiana is also proper pursuant to 28 U.S.C. 1391, in that OVGC and OVGI are subject to personal jurisdiction of the Southern District of Indiana and both regularly conduct business activities within the Southern District of Indiana.

15. Keen satisfied her requirement to exhaust administrative remedies by timely filing a Charge of Discrimination against OVGC, OVGI, and BFPC with the Equal Employment Opportunity Commission (hereinafter "EEOC") on June 11, 2020, alleging age discrimination under the ADEA, and disability discrimination under the ADA by OVGC, OVGI, and BFPC, among other issues, a copy of which is attached as Exhibit "B" and is incorporated herein as if fully set forth.

16. Exhaustion of administrative remedies is not required for the FMLA claims.

17. On or about January 30, 2021, Keen received a Notice of Suit Rights dated January 28, 2021 from the EEOC, a copy of which is attached as Exhibit "A" and is incorporated herein as if fully set forth.

## II. FACTUAL ALLEGATIONS

18. Keen hereby incorporates paragraphs 1 through 17 by reference of this Complaint as if fully set forth here.

19. Keen was born in 1960.

20. Keen has lived in Union City, Indiana/Union City, Ohio area since about age 5.

21. This area is about 12 miles from the OVGC Winchester, Indiana location, where Plaintiff worked.

22. At birth, Keen's physician diagnosed her with cerebral palsy.

23. Keen became an employee of OVGC (and/or) OVGI (and/or) BFPC on March 10, 2008 and her paycheck identified OVGC (hereinafter OVGC for purposes of this Complaint refers to OVGC/OVGI/BFPC together).

24. On March 27, 2017, pursuant to a payroll authorization dated March 28, 2017, she received a merit raise from $14.25 per hour ($29,640.00 per year) to $14.61 per hour ($30,388.80 per year).

25. On March 28, 2017, her job title was "clerk/cashier."

26. The March 28, 2017 payroll authorization was signed by the District Manager/Department Head Conan Wallace.

27. Her employee number was 203.

28. Her employee identification number was 1097.

29. On March 19, 2017, her job title was "clerk/cashier."

30. On March 26, 2017, pursuant to a payroll authorization dated March 19, 2017, she received a merit raise from $14.61 per hour ($30,388.80 per year) to $14.98 per hour ($31,158.40).

31. The March 19, 2017 payroll authorization was signed by the District Manager/Department Head Conan Wallace.

32. In 2017, Plaintiff had cardiac issues which required stenting.

33. On August 23, 2018, Plaintiff received a thank you note from Scott Williams, OVGC Executive Vice-President and General Manager.

34. This note read: "Thank you for valuing customers. When you take a few additional moments to listen to someone who is hurting (in this case family issues)-that expresses care. Thank you for caring!

35. About November 2018, OVGC hired two employees who were about at least 20 years younger than Plaintiff.

36. These younger employees took over some of the functions Plaintiff previously performed.

37. On March 26, 2019, Plaintiff's job title was "customer service representative."

38. On March 26, 2019, pursuant to letter from District Manager Conan Wallace, Plaintiff received a merit raise from $14.98 per hour to $15.28 per hour.

39. Her raise became effective March 25, 2019.

40. This same letter designated her payroll class as hourly fulltime.

41. This letter also mentioned Ingram, Human Resources Director and Lora Ward, Supervisor.

42. On or about September 26, 2019, Plaintiff gave FMLA written notice that she would need leave to OVGC personnel.

43. On or about October 1, 2019, she went on FMLA leave during which time she would undergo knee replacement surgery.

44. The surgery occurred on October 2, 2019.

45. During FMLA leave, she attended the OVGC Christmas Party at Referee's Restaurant in Winchester, Indiana.

46. At this party, OVGC awarded her a "Certificate of Achievement," dated December 1, 2019 and signed by Scott A. Williams, OVGC Executive Vice-President and General Manager.

47. This "Certificate of Achievement" stated "IN HONOR AND APPRECIATION FOR 10 YEARS OF VALUED, FAITHFUL SERVICE TO OHIO VALLEY GAS CORPORATION."

48. Prior to returning work at the conclusion of the FMLA leave period, Plaintiff telephoned Theresa Miller, payroll person at the corporate office, and left a message that she would be returning to work on December 20, 2019.

49. On December 20, 2019, Plaintiff attended an office Christmas breakfast.

50. After this breakfast, Ingram, Human Resource Director for OVGC, informed Plaintiff that she was going to be terminated.

51. At this meeting, Ingram gave Plaintiff a letter future dated to January 3, 2020 that mentioned the termination.

52. At this meeting, Ingram told Plaintiff that the office ran so much better without her.

53. At the time of the termination, Plaintiff was capable of performing the functions of her job.

54. Plaintiff believes the younger employees replaced her.

## Count I:  Violation of the FMLA – Interference

55. For this cause of action, Keen hereby incorporates paragraphs 1 through 54 of this Complaint by reference as if fully set forth here.

56. Keen was eligible for the FMLA, having been an employee for over 12 months and having worked 1250 hours in the year prior to taking leave.

57. OVGC was covered by the FMLA, having over 50 qualifying employees.

58. To the extent all common ownership entities must be aggregated to reach the qualifying number of employees for coverage, OVGC, OVGI, and BFPC together were covered by the FMLA.

59. She was entitled to leave under the FMLA because she required medically necessary treatment that included but was not limited to hospitalization, surgery, rehabilitation, and physical therapy in order to address her knee impairment.

60. She provided qualifying notice to OVGC of her intent to take FMLA leave.

61. Her physician provided OVGC with the required FMLA medical documentation.

62. In terminating her at or near her attempted exercise of her FMLA right/benefit to return to her previous job or an equivalent position, OGVC interfered with her FMLA rights/benefits to which she was entitled.

63. Keen has suffered damages as a result of OVGC's interference, including but not limited to back pay in the approximate amount of $39,697.44 and in amounts yet to be

determined, loss of employer provided benefits in the approximate amount $5,000.00 and in amounts yet to be determined, front pay in amounts yet to be determined, loss of future earning capacity in amounts yet to be determined, emotional distress damages in amounts yet to be determined, liquidated damages in an amount commensurate with back pay, reasonable attorney fees, and costs.

## Count II:  Violation of the FMLA – Retaliation

64. Keen hereby incorporates paragraphs 1 through 54 of this Complaint by reference as if fully set forth here.

65. Keen was engaged in a protected activity of accessing FMLA leave benefits, including attempting to return to work at her previous position or an equivalent position.

66. OVGC took an adverse employment action against her by terminating her employment.

67. There was a connection between her protected activity and the adverse employment action of terminating her employment.

68. OVGC intentionally terminated her employment in retaliation for accessing FMLA leave benefits and by denying her FMLA right/benefit to return to work.

69. Keen has suffered damages as a result of OVGC's retaliation, including but not limited to back pay in the approximate amount of $39,697.44 and in amounts yet to be determined, loss of employer provided benefits in the approximate amount $5,000.00 and in amounts yet to be determined, front pay in amounts yet to be determined, loss of future

9

earning capacity in amounts yet to be determined, emotional distress damages in amounts yet to be determined, liquidated damages in an amount commensurate with back pay, reasonable attorney fees, and costs.

## Count III: Violation of the ADEA – Discrimination Based on Age

70. In the alternative and for this cause of action, Keen hereby incorporates paragraphs 1 through 54 of this Complaint by reference as if fully set forth here.

71. Keen is a member of a protected class in that she is over 40 years old.

72. Keen suffered an adverse employment action when she was terminated from employment because of her age.

73. OVGC discriminated against Keen on the basis of age by terminating her employment because of her age.

74. OVGC treated younger employees more favorably than Keen, specifically they were not terminated and replaced her.

75. Keen's age was the actual and proximate cause of OVGC's decision to terminate her employment.

76. OVGC willfully violated the ADEA.

77. As a result thereof, Keen has suffered damages, including but not limited to back pay in the approximate amount of $39,697.44 and in amounts yet to be determined, loss of employer provided benefits in the approximate amount $5,000.00 and in

amounts yet to be determined, front pay in amounts yet to be determined, loss of future earning capacity in amounts yet to be determined, emotional distress damages in amounts yet to be determined, liquidated damages in an amount commensurate with back pay, reasonable attorney fees, and costs.

### Count IV: Violation of the ADA – Discriminatory Discharge

78. In the alternative and for this cause of action, Keen hereby incorporates paragraphs 1 through 54 of this Complaint by reference as if fully set forth here.

79. Keen has a disability.

80. Keen was and is qualified to perform the essential functions of the job of Customer Service Representative and/or Clerk/Cashier, with or without reasonable accommodation.

81. Keen successfully performed the essential functions of the jobs of Customer Service Representative and of Clerk/Cashier without reasonable accommodation from her employer despite cerebral palsy, a cardiac condition, and/or a knee impairment that eventually required knee replacement.

82. The knee impairment substantially limits Keen's major life activities of walking and standing.

83. The cardiac impairment affects the major bodily function of circulation.

84. Keen suffered an adverse employment action when OVGC terminated her employment.

85. OVGC would not have terminated her employment, but for her disability.

86. As a result thereof, Keen has suffered damages, including but not limited to back pay in the approximate amount of $39,697.44 and in amounts yet to be determined, loss of employer provided benefits in the approximate amount $5,000.00 and in amounts yet to be determined, front pay in amounts yet to be determined, loss of future earning capacity in amounts yet to be determined, emotional distress damages in amounts yet to be determined, liquidated damages in an amount commensurate with back pay, reasonable attorney fees, and costs.

**Count V-Intentional Infliction of Emotional Distress Against OVGC and Ingram.**

87. Keen hereby incorporates paragraphs 1 through 54 of this Complaint by reference as if fully set forth here.

88. At all relevant times, Ingram was acting within the course of his Employment with OVGC.

89. Ingram's denigration of Keen's employment performance at the meeting where Keen was informed of the termination of her employment (within the context of OVGC having previously and publicly declared on December 1, 2019 that Keen was a faithful, and valued employee, of OVGC having affirmed this fact by multiple merit raises, and of an OVGC vice-president having commended her in writing for her caring customer service) constituted extreme and outrageous conduct.

90. This extreme and outrageous conduct was done with the intent to cause Keen severe emotional distress or was done with recklessness.

91. As a direct and proximate cause, Keen suffered severe emotional distress and is likely to suffer such in the future.

92. As a direct and proximate cause, Keen suffered great mental anguish and is likely to suffer such in the future.

93. As a direct and proximate cause, Keen has suffered physical injuries incident to the severe emotional distress such as gastrointestinal disturbance, headaches, and chest pain and other similar issues yet to be discovered and is likely to experience such in the future.

94. As a direct and proximate cause thereof, Plaintiff has incurred Approximately medical expenses in amounts yet to be determined and is likely to incur such in the future.

95. As a direct and proximate cause thereof, Plaintiff has incurred other pecuniary losses in amounts yet to be determined.

96. As a direct and proximate cause thereof, Plaintiff lost the ability to enjoy life to its fullest.

97. As a direct and proximate cause thereof, Plaintiff is entitled to punitive damages in amounts set forth in Indiana Code 34-51-3-4.

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in her favor and against the Defendants as set forth above and in amounts that are just and reasonable under the circumstances, and for such other further relief as this Court deems equitable and just.

Respectfully submitted,

/s/Randal S. Forbes
Randal S. Forbes, Esq.
Forbes Rodman PC
P.O. Box 374
Angola, Indiana 46703
260/668-9830
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a jury trial pursuant to Federal Rules of Civil Procedure 38.

/s/Randal S. Forbes
Randal S. Forbes, Esq.
Forbes Rodman PC
Attorney for Plaintiff